IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ACD DISTRIBUTION, LLC,

                             Plaintiff,

   v.

WIZARDS OF THE COAST, LLC,

                             Defendant.

OPINION and ORDER

18-cv-658-jdp

---

      Plaintiff ACD Distribution, LLC, is a toy and game distributor that is based in Middleton, Wisconsin. ACD is suing defendant Wizards of the Coast, LLC, under the Wisconsin Fair Dealership Law and the common law duty of good faith and fair dealing for allegedly terminating a distribution agreement without cause. ACD says that it obtains such a substantial portion of its inventory from Wizards that its business is threatened without Wizards's products.

      ACD filed the lawsuit in Dane County Circuit Court and obtained a temporary restraining order, Dkt. 1-5, but Wizards removed the lawsuit to this court pursuant to 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. The notice of removal adequately alleges that the amount in controversy is greater than $75,000 and that the parties' citizenship is diverse, Dkt. 1, so the court may exercise jurisdiction under § 1332.

      Wizards now moves under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Western District of Washington in accordance with a forum selection clause in the distribution agreement at issue. When a party seeks to transfer a case under such a clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. U.S. Dist.*

*Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). ACD opposes transfer. But ACD does not deny that its claims fall within the scope of the forum selection clause and ACD has not pointed to any extraordinary circumstances barring transfer, so the court will grant Wizards's motion.

ANALYSIS

The distribution agreement between ACD and Wizards includes a provision in which "[t]he parties irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court of the Western District of Washington or the Superior Court of Washington for the County of King any actions . . . arising out of or relating to the Agreement and the transactions contemplated thereby." Dkt. 1-6. There is no dispute that the forum selection clause applies to ACD's claims in this case and that the clause requires a transfer to Washington. The question is whether this court should enforce the clause.

There are two steps to determining whether to transfer a case under 28 U.S.C. § 1404(a) in light of a forum selection clause. In step one, the court determines whether the forum selection clause is "contractually valid." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 62 n. 5 (2013). In this case, ACD does not contend that the forum selection clause is invalid as a matter of contract law, so the court need not consider that issue. ACD contends that the forum selection clause is invalid because it undermines the purpose of the WFDL. But that is not a matter of contractual invalidity, which is the point of this analysis.

Under step two, the court conducts an analysis under § 1404(a) to determine whether any other factors show that it would be in the interests of justice to disregard the forum selection clause and decline to transfer the case. *Id.* at 63. Section 1404(a) allows a court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice."

Generally, § 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court may consider a number of factors, including: the availability of and access to witnesses; each party's access to and distance from resources in each forum; the location of material events; the relative ease of access to sources of proof; docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. *Id.*

This analysis changes when the parties have a contract containing a valid forum selection clause. For example, the court may not give any weight to the plaintiff's choice of forum. *Atl. Marine*, 571 U.S. at 63. And the court may not consider "private interests," such as the convenience of the parties. *Id.* at 64. More generally, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal quotations and alterations omitted).

ACD has not shown that this an exceptional case. In fact, ACD failed to even address *Atlantic Marine*'s effect on a § 1404 analysis. Instead, ACD's primary argument is that the forum selection clause "circumvents the WFDL's express policies and purposes." Dkt. 11, at 4. Specifically, it cites Wis. Stat. § 135.06, which allows a plaintiff to bring a WFDL claim "in any court of competent jurisdiction."

The court will assume that choice of law rules would allow ACD to raise a claim under the WFDL in this case. But it remains an open question in this circuit whether state law informs

3

an analysis under § 1404. *Rolfe v. Network Funding LP*, No. 14-cv-9, 2014 WL 2006756, at *1 (W.D. Wis. May 16, 2014). Even assuming that the WFDL could be relevant under § 1404, this court has held in previous cases that "forum selection clauses are not automatically voided by the WFDL." *Id.* at *2. *See also Brava Salon Specialists, LLC v. Label.M USA, Inc.*, No. 15-cv-631 2016 WL 632649, at *2 (W.D. Wis. Feb. 17, 2016) (enforcing forum selection clause over objection that it conflicted with WFDL); *DeTemple v. Leica GeoSystemes*, Inc., No. 08-cv-281, 2009 WL 3617616, at *5 (E.D. Wis. Oct. 29, 2009) (same). Even ACD acknowledges that "'the WFDL does not speak' directly to forum selection clauses." Dkt. 11, at 4 (quoting *Brio Corp. v. Meccano S.N.*, No. 06-C-1001, 2007 WL 2572307, *2 (E.D. Wis. Sept. 5, 2007)).

ACD relies on *Brown Dog, Inc. v. Quizno's Franchise Co., LLC*, No. 04-C-0018-C, 2004 WL 1114427 (W.D. Wis. May 13, 2004), in which this court refused to enforce a forum selection clause in light of § 135.06. However, even before *Atlantic Marine,* this court called *Brown Dog* into doubt. *Wins Equip., LLC v. Rayco Mfg., Inc.*, 668 F. Supp. 2d 1148, 1152 (W.D. Wis. 2009) ("To the extent that this court's decision in *Brown Dog, Inc. v. Quizno's Franchise Co.*, Case No. 04–C18, 2004 WL 1114427 (W.D. Wis. May 13, 2004) implied that the WFDL completely nullified forum selection clauses in franchise disputes, this would be contrary to the holding of *Stewart Organization* and it cannot govern the instant analysis."). As explained in *Wins Equipment*, 668 F. Supp. 2d at 1152, the WFDL may be one factor that a court considers under § 1404, but it cannot be controlling.

*Atlantic Marine* made this point even clearer. In cases such as *Wins Equipment*, 668 F. Supp. 2d at 1153–54, and *Van's Supply & Equip., Inc. v. Echo, Inc.*, 711 F. Supp. 497, 503 (W.D. Wis. 1989), the court gave weight to the plaintiff's choice of forum or the potential transferee court's lack of familiarity with the WFDL. But, as noted above, the Supreme Court has more

4

recently stated that courts may not consider a plaintiff's choice of forum when deciding whether to enforce a forum selection clause under § 1404(a). *Atl. Marine*, 571 U.S. at 63. And the Court similarly rejected the view that another court's lack of familiarity with a law is a significant factor, stating that "federal judges routinely apply the law of a State other than the State in which they sit." *Id.* at 67. As in *Atlantic Marine*, ACD does not identify "any exceptionally arcane features of [the relevant state law] that are likely to defy comprehension by a federal judge sitting in" another state. *Id.*

As this court noted in *Brava*, 2016 WL 632649, at *2, "the reasoning of . . . cases [such as *Wins Equipment* and *Van's Supply*] may no longer apply" after *Atlantic Marine*. But as in *Brava*, the court need not resolve that question. Even if the court assumes that the policy underlying the WFDL supports the plaintiff's choice of forum and that WFDL policy is one factor the court may consider, that one factor alone does not qualify as an "extraordinary circumstance" under *Atlantic Marine*. *Brava*, 2016 WL 632649, at *2; *Rolfe*, 2014 WL 2006756, at *2.

The other factors that ACD asks the court to consider are no more compelling. First, ACD says that the Western District of Washington has three times the filings of the Western District of Wisconsin. Dkt. 7-1. But that statistic has no significance because the Western District of Washington also has three times as many *judges*. As shown by the chart that ACD cites, the Western District of Washington has fewer cases per judge than this district and a shorter median time to both trial and disposition in civil cases.

Second, ACD makes a related argument that the case "is already far ahead of where it likely otherwise would be in Washington." Dkt. 11, at 6. But Wizards removed the case two days after the case was filed and then filed its motion to transfer four days later There is no plausible argument that ACD forfeited its right to invoke the forum selection clause by waiting

5

too long to assert its rights. And there have been no substantive proceedings in this court, so a transfer should not delay the case.

Third, ACD says that Wisconsin "has a strong local interest" in this case. *Id.* at 7. But most of ACD's argument on this issue is simply a reiteration of its argument about the WFDL. Again, ACD identifies no reason why a court in Washington would be unable to apply the WFDL if that statute does in fact govern ACD's claims under the appropriate choice of law analysis.

Finally, ACD says that it will face hardship if it is required to litigate the case in Washington because it is a small company that is dealing with other problems, including some recent flooding. But, as noted above, the court cannot consider the convenience of the parties. *Atl. Marine*, 571 U.S. at 52, 62. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Thus, regardless how much easier it would be for ACD to litigate in Wisconsin, it is not a relevant factor.

The court concludes that *Atlantic Marine* is controlling. Because ACD has not shown that this is one of the exceptional cases in which it is appropriate to disregard a forum selection clause, the court will grant the motion to transfer.

ORDER

IT IS ORDERED that defendant Wizards of the Coast, LLC's motion to transfer under 28 U.S.C. § 1404(a), Dkt. 4, is GRANTED. This is case is TRANSFERRED to the United States District Court for the Western District of Washington.

Entered October 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge