UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ACD DISTRIBUTION, LLC,

                    Plaintiff,

        v.

WIZARDS OF THE COAST, LLC,

                    Defendant.

CASE NO. C18-1517JLR

ORDER GRANTING
DEFENDANT'S MOTION TO
VACATE TEMPORARY
RESTRAINING ORDER

## I.    INTRODUCTION

Before the court is Defendant Wizards of the Coast, LLC's ("WOTC") motion to

vacate a temporary restraining order.  (Mot. (Dkt. # 51).)  Plaintiff ACD Distribution,

LLC ("ACD") opposes the motion.  (Resp. (Dkt. # 54).)  The court has considered the

motion, the parties' submissions in support of and in opposition to the motion, the

//

//

//

1    relevant portions of the record, and the applicable law.  Being fully advised,[1] the court

2    GRANTS WOTC's motion.[2]

3                              **II.    BACKGROUND**

4            ACD is a distribution company located in Middleton, Wisconsin that distributes

5    toys and games.  (*See* Compl. (Dkt. # 1-2) ¶ 1.)  WOTC is located in Renton,

6    Washington, and publishes science-fiction and fantasy games, including "Magic: The

7    Gathering."  (*Id.* ¶ 2.)  This case arises from a dispute regarding ACD's distributor

8    agreements with WOTC.  (*Id.* ¶¶ 38-49.)  At issue is WOTC's decision not to renew the

9    parties' distributor agreement entered into on January 1, 2016.  (*See id.* ¶ 6.)

10           On August 7, 2018, ACD filed a complaint in the Dane County Circuit Court in

11   Madison, Wisconsin, alleging violations of Wisconsin's Fair Dealership Law, Wis. Stat.

---

[1] ACD requests oral argument (*see* Resp. at 1), but WOTC does not (*see* Mot. at 1).  Oral argument is only necessary "when a party would suffer unfair prejudice as a result" of the court's refusal to hear oral argument.  *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (citing *Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984)).  Parties suffer no prejudice when they have "provided the district court with complete memoranda of the law and evidence in support of their respective positions."  *Mahon*, 171 F.3d at 1200.  When the only prejudice a party suffers is the court's "adverse ruling on the motion[,] [t]his is not sufficient to establish the required showing of prejudice."  *Id.* (citing *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998)).  "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]."  *Partridge*, 141 F.3d at 926 (quoting *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*).  Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court.  *See* Local Rules W.D. Wash. LCR 7(b)(4).  Accordingly, the court DENIES ACD's request for oral argument.

[2] ACD also filed a motion for relief from its July 6, 2020 deadline to file a response to the present motion.  (*See generally* Mot. for Relief (Dkt. # 53).)  However, ACD met the deadline and filed its response on July 6, 2020.  (*See* Resp. at 9.)  Accordingly, the court DENIES ACD's motion for relief as moot.

ORDER - 2

§ 135.03.01 *et seq.* (*see* Compl. ¶¶ 39-44), and breach of the common law duty of good faith and fair dealing (*id.* ¶¶ 46-49).  The same day, ACD filed a "Motion for Temporary Restraining Order and Temporary Injunction" seeking the following:  (1) permission to allow ACD to attend WOTC's distributor conference on August 14-15, 2018; (2) a requirement that WOTC continue to honor and fulfill all of ACD's purchase orders; (3) an order preventing WOTC from terminating or cancelling its dealership with ACD; and (4) an order preventing WOTC from issuing any communication stating or implying that ACD is not its authorized dealer.  (Mot. for TRO (Dkt. # 1-3) at 1.)[3]  ACD also filed a proposed order, titled "ORDER GRANTING TEMPORARY RESTRAINING ORDER," stating that, "pending [a] hearing," WOTC shall abide by ACD's proposed requirements.  (Mot. for TRO at 4.)

ACD and WOTC, both represented by counsel, participated in a telephonic "[h]earing on temporary restraining order" on the afternoon of August 7, 2018.  (*See* Summ. (Dkt. # 1-4) at 3.)  The Honorable Judge Frank D. Remington granted ACD's motion and issued an order titled "ORDER GRANTING TEMPORARY RESTRAINING ORDER" (the "State Court Order") that same day.  (*See* State Ct. Order (Dkt. # 1-5) at 1.)  Judge Remington wrote in his order that, pending a hearing scheduled at "TBD, 2018, at _:00 A.M./P.M. . . . to show cause, if any, why a temporary injunction requested should not be granted," WOTC shall adhere to the four requirements ACD requested in its motion.  (*See id.* at 1; *see also* Mot. for TRO at 1, 4.)

---

[3] Unless otherwise stated, all references to page numbers are to those provided by the court's electronic filing system ("ECF").

1    The matter has since worked its way to this court, and nearly two years have

2    passed since Judge Remington issued the State Court Order.[4]  WOTC now moves to

3    vacate the relief granting in the State Court Order.  (*See generally* Mot.)

4    The court now considers WOTC's motion.

5                          **III.   ANALYSIS**

6    WOTC argues that this court should vacate the State Court Order because it is a

7    temporary restraining order that "has expired under Rule 65(b) of the Federal Rules of

8    Civil Procedure."  (*See* Mot. at 3.)  ACD, however, argues that the court should deny

9    WOTC's motion because "the relief issued by Judge Remington was . . . a temporary

10   injunction . . . [and] not a temporary restraining order governed by Rule 65(b)."  (*See*

11   Resp. at 2.)

12   "After removal, the federal court takes the case up where the State court left it

13   off."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting

14   *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423,

15   436 (1974)).  "Consequently, an order entered by a state court 'should be treated as

16   though it had been validly rendered in the federal proceeding.'"  *Id.* (quoting *Butner v.*

17   *Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963)).  To determine whether the State Court

18   Order was a temporary restraining order or a temporary injunction, the court examines

19

20   _____

21   [4] On August 8, 2018, WOTC removed the case to the United States District Court for the
     Western District of Wisconsin.  (*See* Not. of Removal (Dkt. #1).)  On August 13, 2018, WOTC
     filed a motion to transfer venue to the Western District of Washington.  (*See* Transfer Mot. (Dkt.
22   # 4).)  The Honorable Judge James D. Peterson granted that motion.  (*See* Transfer Order (Dkt.
     # 15) at 2.)

ORDER - 4

1    the order and the relevant Wisconsin law Judge Remington applied in the order.  *See*

2    *Granny Goose*, 415 U.S. at 425 (citing 28 U.S.C. § 1450) (noting that injunctions and

3    orders issued by state courts prior to removal "remain in full force and effect until

4    dissolved or modified by the district court").

5    　　　　In Wisconsin, "a temporary restraining order is one which is issued pending a

6    hearing on an application for an injunction."  *Becker v. Becker*, 225 N.W.2d 884, 886

7    (Wis. 1975).  "The court or judge may, before granting the injunction, make an order

8    requiring cause to be shown why the injunction should not be granted, and the defendant

9    may in the meantime be restrained."  Wis. Stat. § 813.08.  As the Wisconsin Supreme

10   Court has noted:

11   　　　　There is a well-recognized distinction between a temporary restraining order
         and a temporary or preliminary injunction which may be stated as follows:
12       A temporary restraining order is . . . intended only as a restraint on the
         defendant until the propriety of granting a temporary injunction can be
13       determined and it goes no further than to preserve the *status quo* until that
         determination.  It is limited in its operation and continues only for such a
14       reasonable time as may be necessary to have a hearing on an order to show
         cause why a temporary injunction should not issue.  On the other hand a
15       temporary or preliminary injunction is rarely granted without notice, but
         when granted it is effective until the trial of the cause in which it is issued.
16
     *Laundry, Dry Cleaning, Dye House Workers Union, Local 3008, A.F.L.-C.I.O. v.*
17
     *Laundry Workers Int'l Union*, 91 N.W.2d 320, 326 (Wis. 1958) (citations omitted).
18
     　　　　When viewed in light of the relevant statutory and case law, it is clear the State
19
     Court Order is a temporary restraining order, not a preliminary injunction.  (*See generally*
20
     State Ct. Order.)  Judge Remington issued the order, titled "ORDER GRANTING
21
     TEMPORARY RESTRAINING ORDER," the same day ACD filed its complaint (*see id.*
22

1   at 2; Compl. at 11) and wrote that, pending a hearing "to show cause, if any, why a

2   temporary injunction requested should not be granted," WOTC shall abide by the

3   requirements outlined in ACD's "Motion for Temporary Restraining Order and

4   Temporary Injunction" (*see* State Ct. Order at 2).  Judge Remington's use of the language

5   in Section 813.08 that ACD also used in its proposed order shows that Judge Remington

6   clearly intended for WOTC to have a meaningful opportunity to appear before the court

7   and make its case for why the court should not grant a preliminary injunction.  (*See id.* at

8   2 (giving WOTC a future opportunity "to show cause, if any, why a temporary injunction

9   requested should not be granted); Mot. for TRO at 4); *see also* Wis. Stat. § 813.08

10  (stating that judges may issue orders "requiring cause to be shown why [an] injunction

11  should not be granted").

12         Although the parties had a "[h]earing on [the] temporary restraining order," they

13  did not have a hearing on a preliminary injunction.  (*See* Summ. at 3.)  The court's order

14  contemplated that the parties would appear before the court at a to-be-determined date in

15  2018 to show cause as to why a preliminary injunction should not be granted (*see* State

16  Ct. Order at 2), but WOTC removed the case before any such hearing could take place in

17  Dane County Circuit Court (*see generally* Not. of Removal).  Thus, the parties never had

18  an opportunity to show cause why a preliminary injunction should or should not be

19  issued, as Judge Remington's order instructed them to do.  (*See* State Ct. Order at 2.)  In

20  sum, the State Court Order and the circumstances surrounding its issuance demonstrate

21  that Judge Remington issued a temporary restraining order and not an injunction.  (*See*

22  *generally* State Ct. Order.)

ORDER - 6

1        The court's conclusion that the State Court Order is a temporary restraining order

2   means that the order expired years ago.  A temporary restraining order "issued by a state

3   court prior to removal remains in force after removal no longer than it would . . . under

4   state law, but in no event does the order remain in force longer than the time limitations

5   imposed by [Federal Rule of Civil Procedure] 65(b)."  *Granny Goose*, 415 U.S. at

6   439-40; *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

7   Under federal and Wisconsin law, temporary restraining orders expire fourteen days after

8   they are issued.  *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—

9   not to exceed 14 days—that the court sets."); Wis. Stat. § 813.125 ("A judge or circuit

10  court commissioner shall hold a hearing on issuance of an injunction within 14 days after

11  the temporary restraining order is issued.").

12       The State Court Order was issued on August 7, 2018, meaning it expired on

13  August 21, 2018.  Thus, the court GRANTS WOTC's motion to vacate the temporary

14  restraining order.

### IV.    CONCLUSION

16       Based on the foregoing analysis, the court GRANTS Defendant WOTC's motion

17  to vacate the temporary restraining order (Dkt. # 51) and VACATES the State Court

18  Order (Dkt. # 1-5).

19       Dated this 3rd day of August, 2020.

20

21       _____

22       JAMES L. ROBART
         United States District Judge

ORDER - 7